## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LYNDSI KOSZO, ) | |
| 1009 N 5th Street ) | |
| Saint Charles, MO  63301 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | Division No. |
| ) | |
| AMSHER COLLECTION SERVICES, INC., ) | DEMAND FOR JURY TRIAL |
| 600 Beacon Parkway West, suit 300 ) | |
| Birmingham, AL  35209 ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

LYNDSI KOSZO (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against the AMSHER COLLECTION SERVICES, INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the state of Missouri, therefore personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Saint Charles, Saint Charles County, Missouri, and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. According to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection agency with an office in Birmingham, Jefferson County, Alabama.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is  defined by *15 U.S.C. § 1692a(6)*.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. In approximately October 2011, Defendant began constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt for a T-Mobile cellular phone account for approximately $80.

12. Upon information and belief, Plaintiff satisfied this debt with T-Mobile.

13. Defendant calls Plaintiff's and Plaintiff's husband's cellular phones at (239) 298-1599 and (239) 298-2407.

14. Defendant calls Plaintiff and Plaintiff's husband from various numbers including: (866) 732-1626, (866) 732-1624, and (866)-732-1632.

15. Defendant places collection calls to Plaintiff's and Plaintiff's husband's cellular phones at least up to 5 times a day.

16. For example, on October 3, 2011, Defendant called Plaintiff's husband at least five times. *See* Exhibit A – Call Log.

17. Defendant threatened Plaintiff and her husband that it will report the outstanding account to the credit bureaus so that Plaintiff will have a negative rating on her credit if she did not pay Defendant.

18. Plaintiff and her husband repeatedly advised Defendant that Plaintiff paid the outstanding debt directly to T-Mobile.

19. Plaintiff repeatedly requested Defendant cease calling her and her husband.

20. Despite Plaintiff's requests and statements that the debt has been paid, Defendant continues to place collection calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, LYNDSI KOSZO, respectfully requests judgment be entered against Defendant, AMSHER COLLECTION SERVICES, for the following:

22. Statutory damages of $1,000 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:/s/ Adam C. Maxwell
[ ] Adam C. Maxwell
ED Bar No: 62103MO
Attorney for Plaintiff
Krohn & Moss, Ltd.
10 N. Dearborn St.
3rd Floor
Chicago, IL 60602
(312) 578-9428 ext 281
(866) 309-9458 Fax
amaxwell@consumerlawcenter.com E-mail

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LYNDSI KOSZO, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI)

Plaintiff, LYNDSI KOSZO, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LYNDSI KOSZO hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

6/15/2011
Date

_____
LYNDSI KOSZO